# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY WINDEKNECHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV227 CDP |
| | ) | |
| TOM VILLMER, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Larry Windeknecht's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is barred by the limitations period. Therefore, I will direct petitioner to show cause why this action should not be dismissed as untimely.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On May 21, 2010, petitioner pled guilty to attempted enticement of a child less than fifteen years of age. Missouri v. Windeknecht, No. 09JE-CR04532-01 (Jefferson County). The trial court entered its judgment the same day, sentencing him to seven years' imprisonment. Petitioner did not file a direct appeal.

In Missouri, a judgment "becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Mo. S.Ct. R. 81.05(a)(1). Accordingly, the judgment became final on about June 20, 2010.

The limitations period ran for 57 days, until petitioner filed his motion for postconviction relief on August 16, 2010. Windenknecht v. Missouri, No. 10JECC-00731 (Jefferson County). The parties voluntarily dismissed the motion on October 20, 2010. He did not file a timely appeal, so the judgment became final on December 19, 2010.

Petitioner filed a successive Rule 24.035 on January 10, 2011. Windenknecht v. Missouri, No. 11JE-CC00034 (Jefferson County). The court dismissed the action as successive and refuted by the record on May 16, 2011.

Missouri does not permit successive Rule 24.035 motions. Mo. S. Ct. R. 24.035(*l*) ("The circuit court shall not entertain successive motions."). The bar on successive postconviction motions is jurisdictional. Turpin v. Missouri, 223 S.W.3d 175 176 (Mo. Ct. App. 2007).

State postconviction proceedings only toll the limitations period if they are "properly filed." 28 U.S.C. § 2244(d)(2). Because petitioner's second postconviction motion was not properly filed under state law, it did not toll the limitations period. E.g. Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006).

On June 27, 2011, petitioner appealed. Windenknecht v. Missouri, No. ED96946 (Mo. Ct. App.). The appellate court dismissed the appeal on its own motion "for failure to comply with Supreme Court Rule(s) 81.12(d) and 81.18 and notice of the Court dated September 7, 2011." Accessed via Case.net, https://www.courts.mo.gov/casenet/base/welcome.do. The appeal did not toll the limitations period because it was not properly filed under state law. See Hoggro v. Boone, 150 F.3d 1223, 1227 n. 4 (10th Cir. 1998).

On October 28, 2013, petitioner filed a Rule 91 habeas petition with the Missouri Supreme Court. State *ex rel.* Windeknecht v. Villmer, No. SC93757 (Mo. banc). The court denied the writ on December 24, 2013. Under Circuit law, Rule 91 petitions toll the limitations period. Polson v. Bowersox, 595 F.3d 873, 875-76 (8th Cir. 2010). Therefore, the limitations period ran from December 19, 2010, until October 28, 2013, and this action is time-barred.

Petitioner filed the instant petition on January 19, 2015.

Before dismissing this action as time-barred, I will direct petitioner to show cause why this action should not be summarily dismissed.

In addition, petitioner has contravened this Court's local rules by submitting exhibits containing the full name of a minor child. L.R. 5-2.17. As a result I will direct the Clerk to strike petitioner's exhibits from the record and return them to petitioner. If petitioner wishes to refile the exhibits, he must redact the full name of the minor child and replace it with the child's initials.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, no later than twenty-one (21) days from the date of this Memorandum and Order, why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** petitioner's exhibits from the record and return them to petitioner. If petitioner wishes to refile the exhibits, he must redact the full name of the minor child and replace it with the child's initials.

Dated this 12th day of February, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE