UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY WINDEKNECHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV227 CDP |
| | ) | |
| TOM VILLMER, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Larry Windeknecht's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is barred by the one-year limitations period. As a result, the petition is denied.

In general, a habeas petitioner has one year from the date his criminal judgment becomes final to file a § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the time "which a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

On May 21, 2010, petitioner pled guilty to attempted enticement of a child less than fifteen years of age. Missouri v. Windeknecht, No. 09JE-CR04532-01 (Jefferson County). The trial court entered its judgment the same day, sentencing him to seven years' imprisonment. The sentence was recommended by the prosecutor after petitioner signed a plea agreement. Petitioner did not file a direct appeal.

In Missouri, a criminal defendant has ten days to file a notice of appeal. Mo. S.Ct. R. 81.04(a). Accordingly, the judgment became final on about May 31, 2010.

The limitations period ran for 77 days, until petitioner filed his motion for postconviction relief on August 16, 2010. Windenknecht v. Missouri, No. 10JECC-00731 (Jefferson County). The parties voluntarily dismissed the motion on October 20, 2010. He did not file a timely appeal, so the judgment became final on October 30, 2010, and the limitations began to run again.

Petitioner filed a successive Rule 24.035 motion on January 10, 2011. Windenknecht v. Missouri, No. 11JE-CC00034 (Jefferson County). The court dismissed the action as successive and refuted by the record on May 16, 2011.

Missouri does not permit successive Rule 24.035 motions. Mo. S. Ct. R. 24.035(*l*) ("The circuit court shall not entertain successive motions."). The bar on successive postconviction motions is jurisdictional. Turpin v. Missouri, 223 S.W.3d 175 176 (Mo. Ct. App. 2007). State postconviction proceedings only toll the limitations period if they are "properly filed." 28 U.S.C. § 2244(d)(2). Because petitioner's second postconviction motion was not properly filed under state law, it did not toll the limitations period. E.g. Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006).

On June 27, 2011, petitioner appealed. Windenknecht v. Missouri, No. ED96946 (Mo. Ct. App.). The appellate court dismissed the appeal on its own motion "for failure to comply with Supreme Court Rule(s) 81.12(d) and 81.18 and notice of the Court dated September 7, 2011." Accessed via Case.net, https://www.courts.mo.gov/casenet/base/welcome.do. The appeal did not toll the limitations period because it was not properly filed under state law. See Hoggro v. Boone, 150 F.3d 1223, 1227 n. 4 (10th Cir. 1998).

The limitations period expired on August 14, 2011, which was 288 days after October 30, 2010. Petitioner filed the instant petition on January 19, 2015. As a result, the petition is time-barred.

Petitioner argues that the Court should not dismiss this case as time-barred because he was not aware that he could file appeals from his criminal judgment or the denial of his initial Rule 24.035 motion and because he is actually innocent of the crime.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 649-50. Petitioner has not shown that he diligently pursued his rights or that an extraordinary circumstance stood in his way. See Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."). Moreover, petitioner has not made any showing that he is actually innocent of the crime. As a result, he is not entitled to equitable tolling.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this 23rd day of April, 2015.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE